UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALBERT T. OWENS, JR,

    Plaintiff,

v.   Case No. 4:18-cv-315-WS/MJF

R OLIVER, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Albert T. Owens, Jr., a prisoner proceeding *pro se*, brought this action under 42 U.S.C. § 1983, claiming that several correctional officers violated his constitutional rights. Because Plaintiff has failed to effect service of Defendant Officer J.P. Robinson and has stated that he does not oppose dismissal of this action without prejudice with respect to this Defendant, the undersigned recommends that the District Court dismiss Owens's claims against Defendant Officer J.P. Robinson without prejudice.[1]

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

## I.   Procedural Background

On April 5, 2019, the United States Marshals Service ("Marshals Service") was directed to effect service on Defendant Officer J.P. Robinson ("Robinson") by mailing the required documents to the special process server at Madison Correctional Institution. (Doc. 28). On April 25, 2019, this court was notified that efforts to serve Robinson were unsuccessful. (Doc. 36). The process server stated that service of process for Robinson was returned unexecuted because Robinson was no longer employed by the Florida Department of Corrections ("FDC").

On April 29, 2019, the undersigned requested the assistance of the FDC Office of General Counsel to identify a service address for Robinson. (Doc. 39). The order directed the General Counsel's Office to, among other things, confidentially inform the Marshals Service of Robinson's home address.

On May 10, 2019, the FDC responded that it provided to the Marshals Service Robinson's last known home address. (Doc. 41). On July 19, 2019, the Marshals Service filed a service return certifying that Robinson could not be located at the address provided by the FDC. (Doc. 60). The service return explains: "Robinson no longer resides at the confidential address according to the current tenant at the confidential address." (*Id.*).

On July 24, 2019, the undersigned issued an order directing counsel for the other FDC Defendants to: (1) facilitate Robinson's waiver of service of process and

appear on his behalf; (2) provide the Marshals Service with Robinson's address in confidence; or (3) explain why neither alternative is possible.

On August 23, 2019, counsel for other Defendants filed a notice stating that they were unable to contact Robinson and therefore unable to waive service and appear on his behalf. (Doc. 63). Additionally, counsel for other Defendants noted that the address provided to the Marshals Service was the last known address for Robinson. (*Id.*).

On August 27, 2019, the undersigned directed Owens to show cause why his claims against Robinson should not be dismissed without prejudice for failure to effect service timely pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. On September 10, 2019, Owens responded to the court's order. Owens indicated that his claims against Robinson should be dismissed without prejudice in light of Owens's failure to effect timely service. (Doc. 70). Since then, an entire year has passed and Owens has not apprised this court of Robinson's address and has not effected service of Robinson.

## II.   Discussion

Rule 4(m) of the Federal Rules of Civil Procedure provides the time frame for service. It states

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that

service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). A plaintiff that is proceeding *in forma pauperis* may rely on the Marshals Service to take reasonable efforts to effect service. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009).

As outlined above, the court and the Marshals Service made reasonable efforts to locate and serve Robinson, without success. Owens himself concedes that his claims against Defendant Robinson should be dismissed without prejudice pursuant to Rule 4(m).[2] (Doc. 70).

### III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

---

[2] In dismissing a case under Rule 4(m) rather than granting an extension of time, courts must consider whether a dismissal without prejudice effectively would be with prejudice because of the statute of limitations. *Horenkamp v. Vanwinkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005). Generally, the statute of limitations for claims under § 1983 of the type alleged by Owens is four years. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Owens alleges the relevant incidents occurred in May and June 2018. Thus, the statute of limitations likely would not bar Owens from refiling this action for at least one year.

Owens's claims against Defendant Officer J.P. Robinson be **DISMISSED** without prejudice pursuant to Rule 4(m) of the Federal Rule of Civil Procedure.

At Panama City Beach, Florida this 22nd day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**