UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALBERT T. OWENS, JR.,

    Plaintiff,

v.                                    Case No. 4:18-cv-315-WS/MJF

R OLIVER, *et al*.,

    Defendants.

                                          /

## REPORT AND RECOMMENDATION

Plaintiff Albert T. Owens, Jr., a prisoner proceeding *pro se*, brought this action under 42 U.S.C. § 1983, claiming that several correctional officers violated his constitutional rights. After amending his complaint five times, only three Defendants remain. Two Defendants—Cooks and Oliver—have moved for summary judgment. (Doc. 113). Owens filed a response in opposition. (Doc. 116). For the reasons set forth below, the undersigned recommends that the District Court grant Defendant Cooks and Oliver's motion for summary judgment.[1]

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

## I. Procedural Background

On July 3, 2018, Owens filed this action against multiple Defendants. (Doc. 1). He also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). In his complaint, Owens alleged that he "has been and continue[s] to be in imminent danger of going blind, being sexually assaulted, severely beaten or killed." (Doc. 1 at 11-17). Magistrate Judge Gary R. Jones found that, under the Prison Litigation Reform Act of 1995 ("PLRA"), Owens is a "three-striker." (Doc. 4 at 1-2). Judge Jones found, however, that Owens had alleged imminent danger of serious physical injury and, therefore, Judge Jones granted Owens's motion for leave to proceed *in forma pauperis*. (*Id.* at 4-5).

Owens subsequently amended his complaint multiple times. (Docs. 11, 15, 19, 23, 89). Owens's fifth amended complaint is the operative complaint in this matter. (Doc. 89). After filing his fifth amended complaint, Owens moved to dismiss Defendants Smith and Webb, and the court granted the motion. (Doc. 106; Doc. 111; Doc. 112).

## II. Discussion

The undersigned recommends dismissal of this action without prejudice for Owens's failure to list his entire litigation history.[2]

---

[2] Defendants also provide two additional reasons for dismissal: (1) this court should revoke Owens's leave to proceed *in forma pauperis* in light of misrepresentations Owens made; and (2) the PLRA requires dismissal of Owens's claims because he

A.     **<u>Owens's Failed to Disclose his Litigation History</u>**

Under the *in forma pauperis* status, a court "*shall dismiss the case at any time if the court determines that*" a prisoner complaint is malicious. 28 U.S.C. § 1915(e)(2) (emphasis added). Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process

---

did not suffer a physical injury and he did not request nominal damages. Because Owens's failure to divulge his litigation history is itself a sufficient reason to dismiss this action, the undersigned does not address Defendants' other arguments in support of their motion for summary judgment.

under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

  **1.** *Owens's Incomplete Disclosures*

The complaint form utilized by Owens asks four questions regarding prior litigation. In response to Question B, Owens responded that he had initiated "other actions in **federal court** dealing with the same or similar facts/issues involved in this action." (Doc. 89 at 4) (emphasis in original).

Question C asked if Owens had filed any "other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate[d] to the fact or manner of [his] incarceration . . ." (*Id.* at 5). He also acknowledged that he had.

Question D asked if Owens had any federal actions dismissed as frivolous, malicious, or for failing to state a claim. (*Id.*). He responded affirmatively. Owens admitted that he may not have included a complete and accurate list of his prior litigation. He asserted that, because he suffered a traumatic brain injury prior to his incarceration, he cannot remember all of the civil cases that he has initiated. *Id.* at 37). Despite Defendants' previous motion for summary judgment—which provided Owens notice that he failed to disclose his entire litigation history—and Owens's

concession that he may have failed to disclose his entire litigation history, Owens did not attempt to contact the clerks of the respective courts in an attempt to disclose his litigation history to this court.

At the end of the civil rights complaint form, Owens signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENT OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**." (*Id.* at 45) (emphasis in original).

### 2. *Owens's Failure to Disclose Civil Cases He Had Filed*

Defendants Cooks and Oliver argue that Owens has omitted at least forty cases from his litigation history. Owens denied this. The undersigned takes judicial notice that, by the date Owens had filed his fifth amended complaint in this case—on January 21, 2020—Owens had initiated at least three federal actions which he should have listed in response to Question C:

- *Owens v. Dep't of Corr.*, No. 1:11-cv-23335-KMM (S.D. Fla. Sept. 14, 2011).
- *Owens v. Townsend*, No. 4:18-cv-422 (N.D. Fla. Sept. 7, 2018).
- *Owens v. Mooring*, No. 3:19-cv-2050 (N.D. Fla. July 11, 2019).

Owens was required to disclose these cases. *See Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that district court did not abuse its discretion by dismissing without prejudice prisoner's amended complaint

for abuse of the judicial process; prisoner's amended complaint failed to disclose a federal lawsuit he filed after his original complaint but before his amended complaint).

In addition to the three federal cases mentioned above, Owens also failed to disclose state actions that are responsive to Question C. For example, approximately two months before filing this civil action, Owens initiated the following state civil action:

- *Owens v. Kye*, No. 2018-SC-91 (Fla. Wakulla Cty. Ct., May 17, 2018).

These cases are attributable to Owens insofar as they bear his Florida Department of Correction inmate number: 193166. Owens failed to disclose two of these cases in his original complaint, and he also failed to disclose each of these four cases in his fifth amended complaint.

Although Owens argues that he cannot remember all of the cases he has litigated because he suffered a traumatic brain injury prior to his incarceration and he filed many cases years ago, the undersigned notes that three of the omitted cases were filed in 2018 and 2019, *at or near the time Owens filed his original complaint and his amended complaints*. Many of these actions are currently ongoing or were ongoing at the time Owens filed his amended complaints. Owens was in the midst of actively litigating these omitted cases. Thus, Owens's explanation—a faulty memory regarding cases filed long away—rings hollow. His explanation simply is

not credible. Furthermore, Owens could have—but failed to—seek a list of his cases from the respective clerk of courts to ensure that he had not omitted any cases from his litigation history. He also could have sought leave to amend—as he previously has done multiple times—to disclose any cases he omitted, particularly after Defendants apprised him of his omissions. Owens did not do so, however.

### 3. *The Materiality of Owens's Omissions*

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out

Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Owens falsely responded to questions on the complaint form as detailed above. Owens knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly

warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." (Doc. 89 at 4).

A penalty is warranted both to deter Owens from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### 4. *The Appropriate Sanction is Dismissal Without Prejudice*

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Owens's false responses to go unpunished. If Owens suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Owens's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[3] *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*,

---

[3] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). Generally, the statute of limitations for claims under § 1983 of the type alleged by Owens is four years. *Id.* ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury

No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Owens an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty.[4] *See Hood*, 197 F. App'x at 819. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner-litigants. *Johnson v. Crawson*, No. 5:08-cv-300/ES/EMT, 2010 WL 1380247, at *2 (N.D. Fla. 2010). Insofar as Owens is already incarcerated, a mere admonition or a finding of contempt would not deter Owens or other prisoners from making false representations to the

---

statute of limitations, which in Florida is four years."). Owens alleges the incidents in his complaint occurred from May through June 2018. Thus, the statute of limitations likely would not bar Owens from refiling this action within the next year.

[4] Notably, Owens has had ample opportunity to investigate and provide a truthful response to this question insofar as he has amended his complaint multiple times (Docs. 11, 15, 19, 23, 89), and each time he failed to divulge his complete litigation history.

court. Dismissal without prejudice would serve as a warning to Owens and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

Owens argues against dismissal and cites two unpublished Eleventh Circuit cases which, he claims, hold that the unintentional failure to disclose some of a plaintiff's litigation history should not result in dismissal. The holdings of these cases, however, are much narrower than Owens's interpretation.

In *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014), the Eleventh Circuit reversed a district court that had dismissed an action based on the plaintiff's failure to disclose litigation history because: (1) the dismissal effectively was with prejudice insofar as the statute of limitations had run and the district court did not acknowledge this fact; (2) the district court did not address whether lesser sanctions would be appropriate; and (3) the facts did not support dismissal with prejudice. *Id.* at 838.

Similarly, in *Hines v. Thomas*, 604 F. App'x 796, 801 (11th Cir. 2015), the Eleventh Circuit held—based on the same factors discussed in *Stephenson*—that the district court erred in dismissing the plaintiff's case. The court of appeals further stated that had "the dismissal truly been without prejudice to re-filing, the district

court likely would not have abused its discretion in dismissing the action." *Id.* at 801.

These cases, therefore, clearly do not hold that a district court may never dismiss a civil action for a plaintiff's failure to divulge his entire litigation history. Because the undersigned is recommending dismissal without prejudice, these cases are inapposite and afford Owens no protection from dismissal without prejudice.

### III.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's claim against Defendants Cooks and Oliver be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915(A)(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

At Panama City Beach, Florida this 23rd day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they may be heard in an objection to this report and recommendation.**